IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDGAR CISNEROS DELGADO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-2113-FB |
| | § | |
| TODD BLANCHE, United States Attorney General; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Director of United States Immigration and Customs Enforcement; SYLVESTER ORTEGA, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement, ROSE THOMPSON, Warden Karnes County Immigration Processing Center, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Edgar Cisneros Delgado's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1); Federal Respondents' ("Respondents") Corrected Response to Petition in opposition thereto (ECF No. 7); Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 8); and Petitioner's Motion to Expedite (ECF No. 11). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful consideration, the Court is of the opinion that the Petition should be granted and Petitioner should be released from custody under reasonable and appropriate conditions of release.

**BACKGROUND**

Petitioner is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's immediate release or, in the alternative, provide Petitioner a bond hearing.

Petitioner is a citizen of Mexico who has lived in the United States continuously since 1998 when he entered the country on or about May 1, 1998, at or near San Ysidro, California, at the approximate age of eight months old. Not only has he lived almost all of his life in the United States, he also graduated from high school here, and has spent his adult life working in the construction industry alongside his father. He has established deep family, social, and community ties in the United States and has no criminal convictions.

On or about February 2, 2026, Petitioner was traveling with his father to work in Kerrville, Texas, when local law enforcement stopped their vehicle in Boerne, Texas, and contacted Immigration and Customs Enforcement ("ICE"). Petitioner was arrested and transferred to the Karnes County Immigration Processing Center, where he has remained detained since February 3, 2026, and has never received an individualized bond hearing.

**DISCUSSION**

The Court has considered whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions. *See e.g.*, *Guerra Estrada v. Ybarra,* Cause No. EP-26-CV1897-KC, 2026 WL 2168090 (W.D. Tex. Jul. 28, 2026); *Jimenez Ravelo v. Anda-Ybarra*, EP-26-CV-01892, 2026 WL 2211325 (W.D. Tex. Jul. 24, 2026); *Scott Camacho v. Department of Homeland Security*, EP-26-CV-01717-DB, 2026 WL 2137156 (W.D. Tex. Jul. 24, 2026); *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores*

*Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026); Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025); *see also Gonzalez Gonzalez v. Blanche*, CIVIL ACTION NO. 4:26-CV-05561, ECF No. 10 at page 2 (S.D. Tex. Jul. 27, 2026) (finding the Fifth Circuit stay in *Sosnava v. Rodriguez* had no effect on its ruling explaining "the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions"); *Barreno Hernandez v. Warden DC Cole*, CIVIL ACTION NO. 5:26-CV-01279, ECF No. 9 at page 5 & n.2 (S.D. Tex. Jul. 24, 2026) (granting habeas petition finding detention violated rights under Due Process Clause of the Fifth Amendment requiring immediate release and explaining that: (1) Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc* on July 21, 2026 without analysis; (2) Supreme Court has recognized interim order granting a stay is "not conclusive as to the merits"; "reading into the Fifth Circuit's stay 'is an inherently speculative endeavor'"; and finding that "[w]ithout clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed").

Accordingly as set forth above and for reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.* "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi,* 818 F. Supp. 3d 875, 885 (S.D. Tex. 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

**CONCLUSION**

The Court joins other Texas Western district courts, including those in the San Antonio Division, finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release. *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at *5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at *14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v.*

*Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at *7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F. Supp. 3d at 885.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Edgar Cisneros Delgado (A# 226-169-415) from custody, under reasonable conditions of supervision, to a public place no later than **Monday, August 31, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Friday, September 4, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, including Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 8), and Petitioner's Motion to Expedite (ECF No. 11), are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 26th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE